ROBERT F. FRIEDMAN, ESQ., TEXAS Bar # 24007207
LITTLER MENDELSON, P.C.
2001 Ross Avenue, Suite 1500
Lock Box 116
Dallas, Texas  75201-2931
Telephone:    (214) 880-8100
Fax No.:       (214) 880-0181
*(Pro Hac Vice Application to be filed)*

ROGER L. GRANDGENETT, II, ESQ., Bar # 6323
LITTLER MENDELSON
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
Telephone:    702.862.8800
Fax No.:       702.862.8811

Attorneys for Defendant
RENT-A-CENTER, INC.

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| CHAD CARTER, individually and on behalf of others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>RENT-A-CENTER, INC.<br><br>    Defendant. | **Case No.  2:15-cv-00178-GMN-CWH**<br><br>**STIPULATION AND [PROPOSED] ORDER TO STAY DISCOVERY** |

Defendant RENT-A-CENTER, INC. ("Defendant") and Plaintiff CHAD CARTER ("Plaintiff"), by and through their respective attorneys, and do hereby stipulate and request that the Court stay discovery until an Order is issued on Defendant's Motion to Dismiss, Motion to Strike Class Action Claims, or Motion to Compel Individual Arbitration (Dkt. Nos. 7, 8 & 9).

/ / /

/ / /

/ / /

Littler Mendelson, P.C.
ATTORNEYS AT LAW
3960 HOWARD HUGHES PARKWAY

Courts have broad discretionary power to control discovery including the decision to allow or deny discovery. *See e.g., Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). In evaluating the propriety of an order staying or limiting discovery while a dispositive motion is pending, the court considers the goal of Federal Rule of Civil Procedure 1, which provides that the Rules shall "be construed and administered to secure the just, speedy, and inexpensive determination of every action." With Rule 1 as its prime directive, the court must decide whether it is more just to speed the parties along in discovery while a dispositive motion is pending or to delay discovery to accomplish the inexpensive determination of the case. *See Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997); *see also Twin City Fire Ins. v. Employers Insurance of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989).

Further, in assessing a request to stay discovery, the court takes a "preliminary peek" at the merits of the dispositive motion. *Tradebay, LLC, v. Ebay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011). This "preliminary peek" does not prejudge the outcome of the motion; it merely evaluates whether an order staying discovery is warranted. *Id.* Common examples of situations in which good cause has been found to stay discovery are when jurisdiction, venue, or immunity are preliminary issues. *Id.* Ultimately, the party seeking the stay "carries the heavy burden of making a strong showing why discovery should be denied." *Id.* (citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir.1975)).

Defendant's Motions to Dismiss, Strike Class Action Claims, and Compel Individual Arbitration (Dkt. Nos. 7, 8 & 9) warrant a stay in discovery. First, the Motions are potentially dispositive of the entire case. Defendant contends that Plaintiff is precluded from litigating his claims because he entered into a Consumer Arbitration Agreement in which he agreed to arbitrate his claims in an individual capacity – not on a class basis and not in court. As the Court is aware, the Federal Arbitration Act ("FAA") "leaves no place for the exercise of discretion by the district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985). Accordingly, Defendant has requested the complete dismissal of Plaintiff's complaint and that Plaintiff be compelled to arbitrate his claims individually. Plaintiff intends to

Littler Mendelson, P.C.
ATTORNEYS AT LAW
3960 HOWARD HUGHES PARKWAY

dispute the legal arguments made in Defendants' Motions and will be filing an Opposition. However, the parties agree that the Motions are of the type warranting a stay of discovery.

Second, neither party will suffer hardship or inequity as a result of stay because further discovery is unjustified at this point. Since Defendant has moved to dismiss the entire case, Plaintiff has not been apprised of which factual allegations Defendant intends to admit and which factual allegations Defendant intends to deny. Nor has Plaintiff been apprised of the defenses that Defendant intends to assert. Plaintiff believes this would severely limit his opportunity to conduct full discovery while the Motions are pending. Additionally, the parties agree that discovery is not necessary prior to the Court's resolution of the legal issues raised by Defendant's Motions to Strike Class Action Claims and Compel Individual Arbitration. Where, as here, an arbitration agreement governed by the FAA covers a dispute, resolving that dispute is exclusively committed to the arbitral forum. Allowing discovery to proceed would be contrary to the FAA itself, the national policy favoring arbitration, and a long line of cases upholding arbitration agreements. Moreover, requiring the parties to conduct discovery on class claims that may not be properly before the Court would result in an unnecessary expenditure of resources and is particularly prejudicial to Defendant.

Third, similar to the situation in *Little*, this is a case where a temporary stay of discovery will further the goals of judicial economy, control of the Court's docket, and an inexpensive determination of the case. 863 F.2d 681. Ordering the parties to proceed with discovery could potentially clog the Court's docket with discovery disputes on class claims that may be dismissed through compelled arbitration. Additionally, the Court has recognized the importance of resolving arbitration issues at the earliest possible stage in litigation as a way of furthering the inexpensive determination of the case. Additionally, the stay is requested for a limited and reasonable amount of time - until the Court decides any of Defendant's Motions.

/ / /

/ / /

/ / /

/ / /

/ / /

3.

Accordingly, the parties have made the strong showing necessary to support their joint request to stay discovery until any of Defendant's Motions to Dismiss, Strike Class Action Claims, and Compel Individual Arbitration (Dkt. Nos. 7, 8 & 9) are decided. For the reasons articulated above, the Court should stay discovery until the first Order has been issued on any of Defendant's Motions. If some or all of Plaintiff's claims survive, counsel for both parties will hold the Rule 26(f) conference and submit a Proposed Discovery Plan and Scheduling Order at such future date to be ordered by the Court.

Dated: May 18, 2015

Respectfully submitted,

/s/ Danny J. Horen, Esq.
DANNY J. HOREN, ESQ.
KAZEROUNI LAW GROUP, APC

Attorney for Plaintiff
CHAD CARTER

Dated: May 18, 2015

Respectfully submitted,

/s/ Roger L. Grandgenett, II, Esq.
ROGER L. GRANDGENETT, II, ESQ.
ROBERT F. FRIEDMAN, ESQ.
LITTLER MENDELSON

Attorneys for Defendant
RENT-A-CENTER, INC.

**ORDER**

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE

DATED: May 19, 2015

Firmwide:133564151.2 070527.1073

4.

Littler Mendelson, P.C.
ATTORNEYS AT LAW
3960 HOWARD HUGHES PARKWAY