1

2

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

3

4

CHAD CARTER,                              )
                                          )
5                    Plaintiff,           )      Case No.: 2:15-cv-00178-GMN-CWH
        vs.                               )
6                                         )             **ORDER**
   RENT-A-CENTER, INC.,                    )
7                                         )
                     Defendant.           )
8                                         )
   _____)

9

10        Pending before the Court is the Motion to Dismiss (ECF No. 7), Motion to Strike (ECF

11  No. 8), and Motion to Compel (ECF No. 9) filed by Defendant Rent-A-Center, Inc.

12  ("Defendant").  Plaintiff Chad Carter ("Plaintiff") filed Responses to each Motion (ECF Nos.

13  17–19), and Defendant filed a Reply to each Response (ECF Nos. 23–25).

14  **I.    BACKGROUND**

15        On August 14, 2014, Plaintiff and Defendant entered into a lease-purchase agreement

16  (the "Lease-Purchase Agreement").  The Lease-Purchase Agreement incorporates an arbitration

17  agreement (the "Arbitration Agreement") (collectively, the "Agreement"). (Ex. 1 to Mot. to

18  Compel, ECF No. 9).  Pursuant to the Arbitration Agreement, the parties agreed that, "in the

19  event of any dispute or claim between us, either [Plaintiff] or [Defendant] may elect to have

20  that dispute or claim resolved by binding arbitration on an individual basis in accordance with

21  the terms and procedures set forth in this Agreement." (Ex. 2 to Mot. to Compel, ECF No. 9).

22  Additionally, claims subject to arbitration include "claims arising under, arising out of, or

23  relating in any way to any Consumer Contract entered into between [Plaintiff] and [Defendant]

24  at any time, and/or any services rendered under or that relate to any such Consumer Contract."

25  (*Id.*).  Moreover, the Arbitration Agreement defined "Consumer Contract" as "the consumer

lease, rental-purchase agreement, or retail installment contract between the Consumers and [Defendant]." (*Id.*).

On January 30, 2015, Plaintiff filed the instant action in this Court, alleging that the Agreement is void because it was a high-interest loan agreement and Defendant did not have the required license under NRS 604A. (Compl. ¶¶ 14–27, ECF No. 1).  Accordingly, Plaintiff asserted a claim of willful violations of NRS 604A.400 and consumer fraud. (*Id.* ¶¶ 42–49). Shortly thereafter, Defendant filed the instant motions. (ECF Nos. 7–9).

## II.   <u>LEGAL STANDARD</u>

Section 2 of Title 9 of the United States Code provides:

> A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2.  This statute has been ruled constitutional as it applies to contracts in interstate commerce and admiralty. *See Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 404–05 (1967).  A federal court may adjudicate claims related to the enforceability of an arbitration clause, but once it is satisfied that the arbitration clause itself is valid and that the dispute between the parties is covered by the arbitration clause, the court must compel arbitration:

> Under § 4, with respect to a matter within the jurisdiction of the federal courts save for the existence of an arbitration clause, the federal court is instructed to order arbitration to proceed once it is satisfied that 'the making of the agreement for arbitration or the failure to comply (with the arbitration agreement) is not in issue.' Accordingly, if the claim is fraud in the inducement of the arbitration clause itself—an issue which goes to the making' of the agreement to arbitrate—the federal court may proceed to adjudicate

it. But the statutory language does not permit the federal court to consider claims of fraud in the inducement of the contract generally.

*Id.* at 403–04 (citing 9 U.S.C. § 4) (footnotes omitted).

In 1991, the Ninth Circuit limited the *Prima Paint* doctrine "to challenges seeking to avoid or rescind a contract—not to challenges going to the very existence of a contract that a party claims never to have agreed to." *Three Valleys Mun. Water Dist. v. E.F. Hutton & Co.*, Inc., 925 F.2d 1136, 1140 (9th Cir. 1991). In other words, for a time in the Ninth Circuit, an arbitration clause was not binding if a party could demonstrate that the contract never existed and was void as a whole (e.g., for forgery, lack of agency, or fraud in the factum), whereas a contract that was merely voidable (e.g., for infancy, fraud in the inducement, mistake, duress, or breach of warranty) had to be attacked based on the voidability of the arbitration clause itself, if a party wished to avoid arbitration. *See id.*

But, in 2006, the Supreme Court rejected "the distinction between void and voidable contracts" as irrelevant. *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 446 (2006). The Supreme Court specifically rejected the argument that a court must first determine whether any contract exists, and that to do this it must examine whether the purported contract is void *ab initio* under state law. *Id.* at 447–48. The Court held that "contract" as used in 9 U.S.C. § 2 "must include contracts that later prove to be void" or "putative contracts." *Id.* at 448. Thus, "regardless of whether the challenge is brought in federal or state court, a challenge to the validity of the contract as a whole, and not specifically to the arbitration clause, must go to the arbitrator." *Id.* at 449. The Supreme Court reaffirmed that rule in *Rent–A–Center, West, Inc. v. Jackson*, 130 S. Ct. 2772 (2010).

III.  **DISCUSSION**

   **A. Motion to Compel Arbitration**

Plaintiff does not dispute that the Arbitration Agreement, which is incorporated into the

Lease-Purchase Agreement, does not cover the claims at issue.  Rather, Plaintiff contends that the Agreement is void under NRS 604A.900(1), and because the Agreement is void, "there is no agreement between [Defendant] and [Plaintiff], which in turn means that there is no agreement to arbitrate [Plaintiff]'s claims against [Defendant]." (Response to Mot. Compel 9:2–9, ECF No. 19).  However, this argument is unavailing in light of Supreme Court law.  As discussed above, the Supreme Court has held that, "regardless of whether the challenge is brought in federal or state court, a challenge to the validity of the contract as a whole, and not specifically to the arbitration clause, must go to the arbitrator." *Buckeye*, 546 U.S. at 449.  Plaintiff's Complaint and Response contain no claims that specifically challenge the Arbitration Agreement.  Rather, Plaintiff challenges the invalidity of the Lease-Purchase Agreement based on its loan terms.  Therefore, Plaintiff's challenges to the validity of the Agreement as a whole must go to the arbitrator.

### B. Motion to Dismiss

Having concluded that Plaintiff has not met its burden of demonstrating that the Arbitration Agreement, which is incorporated into the Lease-Purchase Agreement, is unenforceable, the Court must now decide whether to dismiss this action or stay it for the pendency of the arbitration.  Failure to exhaust non-judicial remedies, such as the failure to arbitrate under an arbitration clause, is a proper, though "non-enumerated," reason for granting a Rule 12(b) motion to dismiss. *See Inlandboatmens Union of Pacific v. Dutra Group,* 279 F.3d 1075, 1078 n. 2, 1083–84 (9th Cir. 2002).  Therefore, because Plaintiff has failed to exhaust arbitration here, dismissal without prejudice is appropriate.

## IV.   <u>CONCLUSION</u>

**IT IS HEREBY ORDERED** that Defendant's Motion to Compel Arbitration (ECF No. 9) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss (ECF No. 7) is

**GRANTED**.  Accordingly, Plaintiff's Complaint is dismissed without prejudice.

      **IT IS FURTHER ORDERED** that Defendant's Motion to Strike (ECF No. 8) is **DENIED as moot**.

      **DATED** this 13th day of August, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Judge