**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CHAD CARTER, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:15-cv-00178-GMN-CWH |
| vs. ) | |
| ) | **ORDER** |
| RENT-A-CENTER, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

Pending before the Court is the Motion to Reconsider (ECF No. 27) filed by Defendant Rent-A-Center, Inc. ("Defendant"). Plaintiff Chad Carter ("Plaintiff") filed a Response (ECF No. 28), and Defendant filed a Reply (ECF No. 29).

Defendant asserts that the Court should reconsider its Order denying as moot Defendant's Motion to Strike (ECF No. 8). Specifically, "Defendant requests a new order from the Court clarifying that it granted Defendant's Motion to Compel Arbitration as to Plaintiffs individual claims only and, in also granting the motion to dismiss Plaintiffs case, thereby enforced the Class Action Waiver and eliminated his class claims entirely." (Mot. Reconsider 2:17–20).

"[A] motion for reconsideration should not be granted, absent highly unusual circumstances." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citation omitted). Reconsideration is appropriate where: (1) the court is presented with newly discovered evidence, (2) the court committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. *School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). However, a motion for reconsideration is not a mechanism for rearguing issues presented in the original filings, *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985), or "advancing theories of the case that could have been

presented earlier, *Resolution Trust Corp. v. Holmes*, 846 F. Supp. 1310, 1316 (S.D. Tex. 1994) (footnotes omitted).  Thus, Rule 59(e) and 60(b) and are not "intended to give an unhappy litigant one additional chance to sway the judge." *Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977).

Here, the Arbitration Agreement requires that "arbitration shall be conducted on an individual basis." (Arb. Agmt., ECF No. 27-1).  Such a class-action waiver is enforceable. *See AT&T Mobility LLC v. Concepcion*, 563 U.S. 333 (2011).  Accordingly, the Court clarifies that, in granting Defendant's Motion to Compel Arbitration, the Court compelled arbitration solely as to Plaintiff's individual claims.  Moreover, in granting Defendant's Motion to Dismiss, the Court eliminated Plaintiff's class claims in their entirety.

**IT IS HEREBY ORDERED** that Defendant's Motion to Reconsider (ECF No. 27) is **GRANTED**.

**DATED** this \_\_28\_\_ day of October, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Judge